ROGERS et al., Appellants,

v.

HILL, Appellee.

[Cite as *Rogers v. Hill* (1998), 124 Ohio App.3d 468.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 97CA2387.

Decided Dec. 16, 1998.

*Paige J. McMahon,* for appellants.

*Edward R. Bunstine II,* for appellee.

HARSHA, Judge.

Brenda and Danny Rogers appeal the judgment of the Municipal Court of Chillicothe and assign the following error:

"The trial court erred in holding that the defects in the premises were neither latent nor coupled with any affirmative misrepresentation or concealment."

The appellants purchased residential property from appellee, Nellie Hill, in 1995. Appellee completed and signed a residential property disclosure form as required by R.C. 5302.30. In that form, appellee acknowledged that the "shower need (*sic*) drain valve." She also commented under the "Basement/Crawl Space" section of the form that "heavy rain brought water into shower." However, she

denied knowledge of "any movement, shifting, deterioration, material crack (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls."

The contract between the parties provided that the "property passing under this contract shall include the following now on the premises IN THEIR PRESENT PHYSICAL CONDITION: all buildings * * *." (Emphasis *sic*.)

In the spring of 1996, Mrs. Rogers discovered that the basement had flooded. Upon further inspection, the appellants concluded that mud and water were coming into the basement through a hole in the basement wall. This hole surrounded a water pipe that transected the wall. After making emergency repairs, the appellants observed that after every heavy rain, water entered the basement through cracks in the basement walls. Some of the cracks were painted over and one was covered with paneling.

After a trial to the court, the trial court concluded that the alleged defects in the premises were not latent, that appellee's representations were based upon her actual knowledge and were not fraudulent, and that the doctrine of *caveat emptor* precluded any recovery by appellants.

In their sole assignment of error, the appellants argue that the trial court erred in finding against the appellants on their claims of breach of contract and fraudulent concealment because it relied on inaccurate findings of fact. Specifically, the appellants argue that the trial court's findings of fact that the hole in the basement wall was not a latent defect and that the cracks in the basement wall had never leaked prior to the Rogerses' purchase of the home were against the manifest weight of the evidence.

We will not reverse a trial court's findings of fact if they are supported by some competent, credible evidence. *State ex rel. Pizza v. Strope* (1990), 54 Ohio St.3d 41, 46, 560 N.E.2d 765, 769–770; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. The trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections. See *State v. Grant* (1993), 67 Ohio St.3d 465, 477, 620 N.E.2d 50, 64–65; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, at paragraph one of the syllabus. The court is free to believe all, part, or none of the testimony of any witness appearing before it. *State v. Nichols* (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80, 88; *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096, 1104–1105; *State v. Harriston* (1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144, 1147–1148.

■ An "as is" clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose. *Brewer v. Brothers* (1992), 82 Ohio App.3d 148, 151, 611 N.E.2d 492, 493–494; *Kaye v. Buehrle* (1983), 8 Ohio App.3d 381, 382–383, 8 OBR 495, 496–497, 457 N.E.2d 373, 375–376. Such a clause in a real estate contract bars suit for any "passive non-disclosure" but does not shield the seller from an "active" fraud of commission (as opposed to a fraud of omission), *i.e.,* a misrepresentation or fraudulent concealment. *Chelmsford Properties, Inc. v. Courtney* (Mar. 31, 1995), Geauga App. No. 94–G–1887, unreported, 1995 WL 376935. *Id.; Brewer, supra,* at 151, 611 N.E.2d at 493–494; *Lance v. Bowe* (1994), 98 Ohio App.3d 202, 207, 648 N.E.2d 60, 63–64. The doctrine of *caveat emptor* precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus; *Traverse v. Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 326–327, 135 N.E.2d 256, 258. Thus, if the vendor perpetrates a fraud, he or she cannot rely on the defense of *caveat emptor.* The sort of fraud necessary to defeat application of *caveat emptor* was described by the Supreme Court in *Layman, supra,* at 178, 519 N.E.2d at 644:

"An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. This court has held that a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection." (Citations omitted.)

■ There is competent, credible evidence to support the trial court's finding that the cracks in the basement wall had not leaked prior to the sale of the house. Nellie Hill testified that the cracks appeared some time after a car had struck the house. After the initial repair of the cracks, Hill never saw water come in through the cracks in the basement walls. Geraldine Bergman and Charles Campbell testified that they had spent time in the house and had never seen water enter the basement through the cracks in the walls. The appellants' expert, Jay Shoemaker testified that water had been coming into the basement for a long time and that there were water stains around the cracks. Thus, although there was some evidence to the contrary, there was competent, credible evidence to support the trial court's finding that the cracks in the basement wall had never leaked prior to the Rogerses' purchase of the home.

■ There is also competent, credible evidence that the hole around the water pipe could have been detected by an inspection. Campbell testified that he had shown Mr. Rogers where the water line entered the house. He further

testified that the concrete wall was covered by paneling but that the paneling was about a foot in front of the wall and the hole was visible. A latent defect is one that could not have been detected by inspection. *Layman*, 35 Ohio St.3d at 178, 519 N.E.2d at 644–645. Thus, the trial court did not err in finding that the hole in the basement was not a latent defect since it could have been detected by a reasonable inspection. *Layman; Hull v. Arrow Material Products* (Sept. 1, 1995), Gallia App. No. 94CA25, unreported, 1995 WL 535186.

There is competent, credible evidence to support the trial court's factual findings. Therefore, the trial court did not err in concluding that the alleged defects in the home were not latent and that the appellants failed to overcome the defense of *caveat emptor.* We overrule appellants' only assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE and KLINE, JJ., concur.