Appellants, Michael Quintile and Tina Quintile, his wife, appeal the judgment of the Medina County Court of Common Pleas. We affirm.
On October 8, 1995, the Quintiles purchased a home located at 7100 Westfield Road, Medina, Ohio from appellees Joseph A. Hartley and Dianna L. Hartley. Previously, on September 19, 1995, the Hartleys had prepared and tendered to the Quintiles a residential property disclosure form pursuant to R.C. 5302.30.
After the Quintiles moved into the premises, they discovered problems with basement flooding, leaky pipes, loose sinks, faulty wiring in the installation of both electrical appliances and telephone jacks, a leaky roof, rotten deck, problems with the well, and countertops that were not installed properly. The Quintiles brought suit against the Hartleys for fraudulent misrepresentation on the Residential Property Disclosure Form in a complaint filed on March 11, 1998. The Hartleys moved for summary judgment on April 16, 1999. The Quintiles filed a brief in opposition on May 5, 1999. On June 23, 1999, the trial court granted summary judgment in favor of the Hartleys. This appeal followed.
The Quintiles assert two assignments of error. As they implicate similar issues, we will address them together.
First Assignment of Error
 The Trial Court erred in finding that there were no issues of material fact to be decided at trial.
Second Assignment of Error
 The Trial Court erred in finding that Summary Judgment was warranted as a matter of law.
 The Quintiles assert that the trial court improperly granted summary judgment because material issues of fact remain in dispute concerning whether the Quintiles could have discovered the problems through reasonable inspection. Furthermore, the Quintiles argue that the trial court incorrectly applied the law to the case at bar when it determined that the "as is" clause in the contract relieved the Hartleys of liability despite the requirements of R.C. 5302.30. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
 Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
The doctrine of caveat emptor operates to relieve the vendor of the obligation to reveal every imperfection that might exist in a residential property. Buchanan v. Geneva Chervenic Realty
(1996), 115 Ohio App.3d 250, 255. Caveat emptor precludes recovery in an action by a purchaser for a structural defect in real estate where "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." Layman v.Binns (1988), 35 Ohio St.3d 176, syllabus, following and approvingTraverse v. Long (1956), 165 Ohio St. 249.
"An `as is' clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose." Rogers v. Hill (1998),124 Ohio App.3d 468, 471. An "as is" clause does not, however, relieve the vendor of liability for fraudulent misrepresentation or fraudulent concealment. Id. Moreover, this court has held that neither the doctrine of caveat emptor nor an "as is" clause will prevent liability for fraudulent misrepresentation or fraudulent concealment. Buchanan, 115 Ohio App.3d at 257.
R.C. 5302.30(D) requires sellers to disclose "conditions of the property and information concerning the property actually known by the transferor [.]" However, "[t]he disclosure requirements of [R.C. 5302.30] do not bar, and shall not be construed as barring, the application of any legal or equitable defense that a transferor of residential real property may assert in a civil action commenced against the transferor by a prospective or actual transferee of that property." R.C.5302.30(J). Furthermore, as R.C. 5302.30 does not provide for redress for misrepresentation in the disclosure document, we must resort to common law principles. Good v. McElhaney (Sept. 30, 1998), Athens App. No. 97 CA 41, 1998 WL 682328, unreported, at *12.
Hence, where the doctrine of caveat emptor applies or when the sales contract contains an "as is" clause to limit the liability of the vendor, fraudulent concealment or fraudulent misrepresentation will provide for liability. The Ohio Supreme Court has held the elements of actual fraud to be:
 (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
In the instant case, the sales contract contains an "as is" clause. Even if such a clause were not present, the Quintiles admit in their depositions that they had an opportunity to inspect the property before purchasing it. Moreover, the defects were observable with careful inspection or could have been deduced from a careful reading of the disclosure document and an inspection based upon that. Hence, the Quintiles must show fraudulent misrepresentation, which they allege in their complaint of March 11, 1998, to survive a motion for summary judgment.
The Quintiles assert that the Hartleys committed fraudulent concealment or fraudulent misrepresentation by omitting the defects, which they allege were known by the Hartleys, from the disclosure document. As previously noted, R.C. 5302.30 contains no redress for such omissions and preserves common law defenses; hence, we must resort to common law. Assuming, arguendo, that the Quintiles have produced some evidence on the other elements of fraud, the Quintiles produced no evidence that they justifiably relied upon the alleged concealments. Moreover, Mr. Quintile admitted that no positive representations were made to him concerning the condition of the premises aside from the disclosure document. We conclude that no justified reliance was shown because the Quintiles had the opportunity to inspect the premises and were given the disclosure document which listed symptoms of the problems that were not readily apparent, leading a reasonable person to know that further investigation was in order. Hence, the trial court did not err in granting summary judgment to the Hartleys as the Quintiles failed to produce evidence on one of the essential elements of their case in response to the Hartleys' motion for summary judgment.
The Quintiles' two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER FOR THE COURT
CARR, P.J. and REECE, J. CONCUR
(Reece, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)