DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment in favor of Patrick Weisgarber and Kathryn Weisgarber, defendants below and appellees herein. The trial court determined that caveat emptor precluded the claim of Barry Kent Hale and Dana Hale, plaintiffs below and appellants herein, and that appellees did not fraudulently misrepresent the condition of the home they sold to appellants.
Appellants raise the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO PLAINTIFFS-APPELLANTS' PREJUDICE WHEN IT MISCONSTRUED AND MISAPPLIED THE DOCTRINE OF CAVEAT EMPTOR RULING: A. THAT CAVEAT EMPTOR APPLIES WHERE THE DEFECTS COMPLAINED OF ARE NOT LATENT. B. THAT CAVEAT EMPTOR PRECLUDES A CLAIM OF FRAUD."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS WHEN IT RULED AS A MATTER OF LAW THAT DEFENDANTS-APPELLEES MADE NO FRAUDULENT MISREPRESENTATIONS AND THAT SAID PLAINTIFFS-APPELLANTS DID NOT REASONABLY RELY UPON THE SAME."
THIRD ASSIGNMENT OF ERROR:
 "THE JUDGMENT OF THE TRIAL COURT THAT THE CRACKS IN THE FOUNDATION AND FOOTER WERE NOT MATERIAL DEFECTS, THAT SAID DEFECTS WERE OPEN AND READILY OBSERVABLE UPON A REASONABLE INSPECTION, THAT DEFENDANTS-APPELLEES ACTED IN GOOD FAITH AND THAT THEY DID NOT COMMIT FRAUD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In June of 1999, appellants purchased a home from appellees. Before purchasing the home, appellants inspected the property on at least two occasions. Appellants did not have the home professionally inspected.
Appellants asked appellees whether any problems existed with the foundation. Appellees stated that they did not know of any problems.
Appellees provided appellants with a residential property disclosure form. On the form, appellees responded "no" to the following question: "Do you know of any movement, shifting, deterioration, material cracks (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls?"
After appellants moved into the home, they discovered cracks along the wall in the crawl space of the basement and on the back of the house underneath the deck.
On November 15, 1999, appellants filed a complaint against appellees and alleged that appellees failed to disclose the existence of material defects.
On March 26 and 27, 2001, the case was heard before a magistrate. At the hearing, Ms. Weisgarber testified that in 1991, she and Mr. Weisgarber discovered the crack on the back wall. Appellees discovered the crack after they removed the old deck and installed a new deck.
Appellees stated that in 1997 or 1998, before appellees put the house on the market, Arthur Stapleton, a local handyman, painted the area under the deck "Bark Brown" and filled the crack with caulk. Mr. Weisgarber stated that he knew that the wall in the crawl space was cracked, but that he did not believe the crack was a material crack. Mr. Weisgarber admitted that he had the outside crack caulked and painted, but stated that the crack was visible.
Both of appellants' experts stated that the cracks were openly observable, if one used a flashlight. One of the experts, John Knight, stated that although the crack on the back of the house was caulked, he could still see it. Knight testified: "If you crawl over to that and shine a flashlight on it, yes, it is very [observable.]"
Ralph F. Huff testified that in 1999, he viewed appellees' residence as a prospective purchaser. Huff stated that he had an inspector look at the home and that his inspector indicated that "the house was structurally sound."
Mr. Hale testified that he asked Mr. Weisgarber about the foundation at the back corner of the house when Hale saw evidence of some slippage in the area. Hale stated that Weisgarber responded "that the contractor built the home for himself and he made the foundation extra wide and extra thick. He even mentioned it was like three foot by four foot or four foot by three foot thick, wide and thick."
Mr. Hale stated that he noticed the sloping floor by the utility room, but that he took appellees' word that it was settlement "because homes settle. They're not all one hundred percent level. So I just took it as settlement."
Mr. Hale testified that on one of the occasions when appellants inspected the home, he looked into the crawl space. Due to inadequate lighting, however, he could not see the wall and the cracks. Hale admitted, however, that he could have seen the cracks from inside the crawl space. Hale further admitted that if he had looked at the cracks, he would have seen them and that nothing stood in his way of gaining access to the area in question.
The magistrate granted appellees' Civ.R. 41(B)(2) motion for dismissal. The magistrate found that: (1) the cracks were open and observable upon a reasonable inspection; (2) appellants had an unimpeded opportunity to inspect the premises; and (3) appellees did not engage in fraud. The magistrate thus concluded that caveat emptor applied to preclude appellants' claim.
On April 9, 2001, appellants filed objections to the magistrate's decision. Appellants argued that the magistrate's decision was contrary to law and against the weight of the evidence.
On May 30, 2001, the trial court overruled appellants' objections. On June 20, 2001, the trial court issued findings of fact and conclusions of law. The court agreed with the magistrate's conclusion and found that: (1) the cracks were open, observable, and discoverable upon a reasonable inspection; (2) appellants had an unimpeded opportunity to examine the premises; (3) appellees did not engage in fraud; (4) the cracks were not latent; (5) appellants knew of the unlevel floor in the utility room but did not obtain further expert evaluation but instead dismissed it as "settlement"; (6) in 1990, when appellees purchased the home, appellees' inspector discovered the crack but did not advise appellees that it was a material problem; (7) during the time that appellees lived in the house, they experienced no problems as a result of the crack; and (8) another prospective purchaser had the home professionally inspected shortly before appellants purchased the home and the inspector found no structural problems. The trial court thus agreed with the magistrate's conclusion that caveat emptor applied and precluded appellants' claim. Appellants filed a timely notice of appeal.
Because appellants' three assignments of error raise related issues, we will consider them together.
In their three assignments of error, appellants argue that the trial court erred: (1) by misapplying the doctrine of caveat emptor; (2) by concluding that appellees did not fraudulently misrepresent the condition of the home; and (3) by concluding that the defects were not material, that the defects were open and observable, and that appellees acted in good faith.
In Friend v. Elsea, Inc. (Sept. 26, 2000), Pickaway App. No. 98 CA 29, we discussed the standard of review applicable to Civ.R. 41(B)(2) dismissals as follows:
"A Civ.R. 41(B)(2) dismissal is used in non-jury actions and requires the trial court and reviewing court to apply different tests. CentralMotors Corp. v. Pepper Pike (1979), 63 Ohio App.2d 34, 38; Warwick v.Warwick (Feb. 25, 2000), Ross App. No. 98CA2403, unreported. Civ.R. 41(B)(2) provides:
"After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52 if requested to do so by any party.
"Thus, the rule specifically provides that the trial court may consider both the law and the facts. Under the rule, the trial judge, as trier of fact, does not view the evidence in a light most favorable to the plaintiff, but instead actually determines whether the plaintiff has proven the necessary facts by a preponderance of the evidence. L.W.Shoemaker, M.D., Inc. v. Connor (1992), 81 Ohio App.3d 748; Harris v.Cincinnati (1992), 79 Ohio App.3d 163; Central Motors Corp., supra. `Because the trial court is not required to view the evidence in the light most favorable to the plaintiff, even if the plaintiff has presented a prima facie case, dismissal may still be appropriate.' Fenleyv. Athens County Genealogical Chapter (May 28, 1998), Athens App. No. 97CA36, unreported. Thus, where the trial court weighs the evidence and determines that the evidence makes it clear that the plaintiff will not prevail, the motion may be granted. See, Fenley, supra, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(4), at 41-177. However, if, in weighing the evidence, the trial judge finds that the plaintiff has proven the relevant facts by the necessary quantum of proof, the motion must be denied and the defendant required to put on evidence. CentralMotors Corp. at 49; Fenley.
"On appellate review, to the extent that the trial court's determination rests on findings of fact, we must not disturb the findings unless they are against the manifest weight of the evidence if some competent, credible evidence supports the trial court's finding. SecurityPacific Natl. Bank v. Roulette (1986), 24 Ohio St.3d 17, 20. However, the application of legal standards to such findings is reviewable de novo as mixed questions of law and fact. Shoemaker; Fenley at 6, citing 3B Moore, Federal Practice (1990), Paragraph 41.13(1), at 41-166." See, also, Procter Gamble Co. v. Stoneham (2000), 140 Ohio App.3d 260, 269,747 N.E.2d 268; Rohr v. Schafer (June 28, 2001), Franklin App. No. 00AP-1059.
With the foregoing principles in mind, we first consider appellants' assertion that the trial court misapplied the doctrine of caveat emptor.
Generally, the doctrine of caveat emptor bars real estate purchasers from seeking recovery for patent, discoverable structural defects. As the court stated in Layman v. Binns (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus:
"The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."
Thus, the doctrine will not bar an action for a real estate defect if the buyer demonstrates that: (1) the complained of condition is latent or is not discoverable upon a reasonable inspection; (2) the buyer did not have an unimpeded opportunity to examine the premises; or (3) the seller acted fraudulently.
We note that the doctrine does not preclude a buyer from recovering from all defects. Rather, the doctrine precludes buyers from recovering for patent, as opposed to latent, defects. Id. at 177, 519 N.E.2d 642; see, also, Barr v. Wolfe (Feb. 24, 2000), Lawrence App. No. 99 CA 17;Moody v. Blower (Apr. 19, 1999), Athens App. No. 98 CA 28. Were the rule otherwise, "nearly every sale would invite litigation instituted by a disappointed buyer." Id. Whether a defect is open and obvious is a question of fact. Petta v. Clarke (Jan. 15, 1997), Lorain App. No. 96 CA 6327.
In the case at bar, we agree with the trial court's conclusion that caveat emptor applies to preclude appellants' claim. The evidence reveals that appellees provided appellants with an unimpeded opportunity to inspect appellee's property and that had they looked, they would have discovered the cracks. Moreover, appellants noticed the sloping of the floor near the utility room but dismissed it as "settlement." It is well-settled that:
"Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises. Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner who is under a duty not to engage in fraud, or (2) seek the advice of someone with sufficient knowledge to appraise the defect."Tipton v. Nuzum (1992), 84 Ohio App.3d 33, 38, 616 N.E.2d 265.
Appellants contend that the doctrine of caveat emptor applies only "to the patent conditions not enumerated by the statutory requirements of R.C. 5302.30."[1] We disagree with appellants that R.C. 5302.30
eliminated the doctrine of caveat emptor as it relates to latent defects. See, generally, Buchanan v. Geneva Chervenic Realty (1996),115 Ohio App.3d 250, 685 N.E.2d 265; McCann v. Anastasio, Portage App. No. 2000-P-0078, 2001-Ohio-4300 ("Common law principles are applied for misrepresentation in the disclosure document as R.C. 5302.30 provides no remedies."); Barr v. Wolfe (Feb. 24, 2000), Lawrence App. No. 99 CA 17 (applying caveat emptor to purchaser's claim that sellers committed fraud by stating on the residential property disclosure form that they knew of no problems with the foundation of the home or of material cracks);Belluardo v. Blankenship (June 4, 1998), Cuyahoga App. No. 72601; see, also, R.C. 5302.30(J) ("The disclosure requirements of this section do not bar, and shall not be construed as barring, the application of any legal or equitable defense that a transferor of residential real property may assert in a civil action commenced against the transferor by a prospective or actual transferee of that property.").
Because appellants had an unimpeded opportunity to inspect the premises, and because the defect of which appellants complain was open, observable and readily discoverable upon a reasonable inspection, caveat emptor bars appellants' claim unless appellees engaged in fraud. SeeRogers v. Hill (1998), 124 Ohio App.3d 468, 706 N.E.2d 438; Barr, supra.
We also disagree with appellants' assertion that the evidence supports the conclusion that appellees fraudulently misrepresented the home's condition.
In order to establish a cause of action for fraudulent misrepresentation, a plaintiff must prove the following: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Burr v. StarkCty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 491 N.E.2d 1101, paragraph two of the syllabus; see, also, Eiland, 122 Ohio App.3d at 457.
We agree with the trial court that the evidence failed to establish that appellees fraudulently misrepresented the nature of the cracks. Although appellees advised appellants that the foundation was structurally sound and failed to specifically inform appellants of the existence of the cracks, the evidence reveals that appellees did not experience any structual problems. The trial court rationally could have concluded that appellees genuinely believed that the cracks were minor and did not affect the integrity of the home's foundation.
Consequently, we disagree with appellants that the trial court erred by applying the doctrine of caveat emptor and by concluding that appellees did not fraudulently misrepresent the condition of the home. The record amply supports the trial court's factual findings and the trial court correctly applied its factual findings to the applicable law.
Accordingly, based upon the foregoing reasons, we overrule appellants' assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Harsha, J. Evans, J.: Concur in Judgment Opinion
[1] R.C. 5302.30 requires sellers of residential real estate to prepare a "Residential Property Disclosure Form." The statute requires the seller to disclose material matters relating to the physical condition of the property to be sold and any material defect in the property that is within the actual knowledge of the seller.