JOURNAL ENTRY and OPINION
Plaintiffs-appellants Richard and Jean Southworth appeal the trial court's granting summary judgment in favor of defendants-appellees Anthony and Joanne Weigand. We find merit to the appeal and reverse and remand for further proceedings.
In February 2001, the Southworths filed a complaint against the Weigands alleging fraudulent misrepresentation, conspiracy to defraud, negligent misrepresentation, and breach of contract. These claims all arose from the Weigands' failure to disclose the extent of water damage in the condominium unit they sold to the Southworths.
The Weigands filed an answer and a third party complaint against Cashelmara Condominium Unit Owners Association (Association), alleging that the Association was liable to the Weigands for indemnification and/or contribution of all or part of the Southworths' claim.
Both the Weigands and the Association filed motions for summary judgment, which the trial court granted without opinion.
A review of the record indicates the following:
 On November 4, 1997, the Southworths agreed to purchase the Weigands' condominium located at the Cashelmara condominiums in Bay Village, Ohio. The purchase agreement contained a clause that the Southworths were purchasing the unit as is.
In conjunction with the purchase, the Weigands executed a residential property disclosure form pursuant to R.C. 5302.30, which contained the following response concerning their awareness of any structural defects in foundation, floors, interior or exterior walls: On occasion, storms off lake from Northeast create high winds and `horizontal rain' resulting in leakage around window frame. This information led the Southworths to believe there was a single leak which only occurred on occasion. The Weigands also verbally informed the Southworths that they had replaced the sliding door in the kitchen area where there had been a water problem.
Prior to agreeing to the purchase, the Southworths had the home professionally inspected. Being satisfied with the inspector's findings, the Southworths agreed to purchase the home and moved in at the end of November 1997.
During a rainstorm approximately one week after moving in, Mrs. Southworth discovered that water was pouring in and around the window in the master bedroom. She observed the water coming over the top of the window frame. Concerned about the carpet being ruined, she pulled it back and placed towels on the floor to soak up the water. When she did so, her fingers went through the carpet pad and two layers of rotted flooring.
Not long after this incident, the Southworths noticed leaks in other areas of the unit. Water leaked in the entry hall, the living room, the guest bedroom, the master bedroom, and from the sliding door in the master bedroom. Water also leaked from the electrical and telephone outlets. According to Mr. Southworth, the leaks were not merely drips, but the water was coming in significant amounts, and this occurred whenever it rained, not only during horizontal or windy rainstorms as the Weigands had represented.
During a renovation project in January 1998, it was discovered that the floors were severely rotted in the guest bedroom, around the sliding door in the master bedroom, the entry hallway, kitchen eating area, and living room. The Southworths also discovered that water damage had been concealed by wallpaper and paint and that the ceiling had also been cosmetically repaired.
Mr. Weigand admitted in his deposition that the wallpaper had been replaced in May 1997 because there had been no leakage in quite some time and they decided to repair it. Mrs. Weigand maintained that the repairman informed her that the stains were caused by condensation and not leaking. However, according to Mr. Weigand, the leaking resumed shortly thereafter in the newly-wallpapered area due to a northeaster storm.
The Southworths also learned that Mrs. Weigand had previously complained to the Association regarding roof leaks and water damage as evidenced by letters she had written to the Association, one of which was dated June 2, 1997, five months prior to the Southworths' purchase of the unit.
Mr. Weigand had also responded to an exterior building survey conducted by the condominium association, stating that he had roof repair and interior repair to drywall, ceiling, and floors due to water leakage, and that there was current leakage through the siding on the outside of the condominium and the windows.
The Southworths appeal the trial court's granting of summary judgment for the Weigands and assign one error for review.
 MOTION FOR SUMMARY JUDGMENT IMPROPERLY GRANTED
In their sole assignment of error, the Southworths claim that caveat emptor and the as is clause in the purchase agreement do not bar their claim for fraud.[1]
Appellate review of summary judgments is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court stated the appropriate test in Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370, as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383,385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
R.C. 5302.30 requires that a seller of residential real estate disclose any information that he possesses concerning the existence of a material defect in the premises. The statute requires that the seller disclose this information by delivering to the buyer a property disclosure form. In the form, the seller must disclose material matters relating to the physical condition of the property and any material defect relating to the physical condition of the property that is within the actual knowledge of the seller.
The doctrine of caveat emptor operates to relieve the vendor of the obligation to reveal every imperfection that might exist in a residential property. Buchanan v. Geneva Chervenic Realty (1996), 115 Ohio App.3d 250,255. Caveat emptor precludes recovery in an action concerning a defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. Layman v. Binns (1988), 35 Ohio St.3d 176, syllabus.
An `as is' clause in a real estate contract places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose. Roger v. Hill (1998), 124 Ohio App.3d 468, 471. An as is clause, however, does not relieve the seller of liability for fraudulent misrepresentation or fraudulent concealment. Id.
Therefore, as long as a seller does not engage in fraud, these two principles, caveat emptor and the as is clause, would bar claims brought by a buyer.
The elements for a cause of action for fraudulent misrepresentation include: (1) an actual or implied misrepresentation, (2) which is material to the transaction, (3) made with knowledge that the statement is false, (4) with the intent to mislead another, (5) who relies on the misrepresentation, and (6) with resulting injury. Kossutich v. Krann (Aug. 19, 1990), Cuyahoga App. No. 57255.
The record indicates that water problems with the structure occurred simultaneously with the first rainfall after the Southworths moved into the home. According to Mr. Southworth's deposition testimony, the water damage in the home was both extensive and of long duration, i.e the wood was rotted in the rooms and water was leaking in areas not disclosed on the form. There was also evidence that wallpaper had been placed over water stains and the ceiling had been painted in spots. Weigand admitted that the wallpapering had been done in May 1997 and that the ceiling had been painted to cover water stains.
Based on the above evidence, the Weigands' disclosure that one window leaked on occasion during northeasterly storms with horizontal rain, was misleading. In fact, it appeared there were various leaks throughout the home whenever it rained and the leaks allowed substantial amounts of water inside.
We do not find that the extensive leaking problem was discoverable upon reasonable inspection. It appears the problem only arose when it rained, and the extensive damage was hidden under carpeting and wallpaper. It is not reasonable to expect a home inspector or potential buyer to remove carpeting and wallpaper to ascertain if there is a problem.
Due to the extensive damage indicating the problem was ongoing and the fact the leaking occurred soon after the Southworths moved in, along with the fact Mrs. Weigand wrote a letter to the Association months prior to the sale complaining about the water damage, reasonable minds could conclude that the Weigands were aware of the extent of the problem yet chose to minimize it in the disclosure form.
Construing the evidence most strongly in favor of the Southworths, we believe there is a genuine issue of fact regarding whether the Weigands fraudulently misrepresented the extent of the water problem in the unit.
The Weigands rely on this court's decision in Ritter v. Cahill (Aug. 23, 2001), Cuyahoga App. No. 77790, for the proposition that owners of condominium units need not disclose defects in common areas. We find that case distinguishable. Although Ritter dealt with the same Cashelmara condominium complex as the instant case, it did not involve damage to an individual unit. Since the instant case involves damage inside the Southworths' unit, Ritter does not apply.
The Southworths also clearly had standing to bring an action for fraud against the Weigands. They are not claiming that the Weigands failed to advise them of an assessment or damage to common areas but that they misrepresented the extent of the water problem in the unit. The fraud claim is a personal claim of the Southworths and does not involve the Association. The Southworths claimed they would never have purchased the unit if the problem had been revealed.
We find merit in the Southworths' assignment of error, and therefore, we reverse the trial court's summary judgment for the Weigands and remand for further proceedings.[2]
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and TERRENCE O'DONNELL, J. CONCUR.
[1] The Southworths do not raise arguments in their appeal regarding summary judgment as to their contract, conspiracy to commit fraud, or negligent misrepresentation claims. We therefore find they waived any argument as to these claims.
[2] We do not address the Weigands' argument that the Southworths' claim for punitive damages and for reimbursement of the assessment should be dismissed, because such argument is premature when no damages have yet been awarded.