[Cite as *Dangelo v. Dangelo*, 2024-Ohio-425.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| KENDRA DANGELO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| STEVEN P. DANGELO | : | Case No. 2023CA00068 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Family Court Division, Case
No. 2022DR00169

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        February 6, 2024

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

LORRIE FUCHS        LAWRENCE J. COURTNEY
3974 Wales Road NW        203 North Broadway Street
Massillon, OH  44646        P.O. Box 277
        Medina, OH  44258

*King, J.*

{¶ 1}   Defendant-Appellant, Steven P. Dangelo ("husband"), appeals the August 2, 2023 final judgment entry of divorce of the Court of Common Pleas of Stark County, Ohio, Family Court Division.  Plaintiff-Appellee is Kendra Dangelo ("wife").  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   The parties were married on July 29, 2018.  They have two children, one born in November 2014 and one born in January 2022.  On March 2, 2022, wife filed a complaint for divorce; an amended complaint was filed on March 21, 2022.

{¶ 3}   During the marriage, husband was a union worker; he would be called for a job, perform the job, and get laid off until he was called for the next job.  In July 2021, husband went to Maine to work on a pipeline.  While there, he moved in with another woman he met there.  He was laid off in November 2021, and was unable to find other employment in Maine.  As a result, he returned to Ohio in July 2022.  He had been suspended from the union because he did not pay his union dues; he found a job as a meat cutter.  He did not see his older child from July 2021 until December 2021 and then not again until July 2022.  Husband saw the newborn born in January 2022 just once.

{¶ 4}   On April 4, 2022, an agreed judgment entry was filed wherein husband agreed to pay wife $400 per month for child support.

{¶ 5}   In a letter to husband's attorney dated August 29, 2022, wife sought discovery documents that had not been provided as requested.  On September 22, 2022, wife filed a motion to compel, seeking an order for husband to provide the missing

discovery; wife also sought attorney fees for having to file the motion. By judgment entry filed same date, the trial court ordered husband to provide the requested discovery.

{¶ 6} On September 28, 2022, wife filed a motion for contempt for husband's failure to pay child support per the agreed order; wife requested attorney fees.

{¶ 7} On November 3, 2022, wife filed a motion for sanctions and attorney fees for husband's failure to comply with the September 22, 2022 order to compel; wife requested $1,000.

{¶ 8} On November 4, 2022, husband filed a motion to modify child support, claiming because the pipeline work ceased, he was making minimal amounts of money while looking for full time employment.

{¶ 9} A hearing before a magistrate was held on February 1, 2023. By decision filed March 8, 2023, the magistrate granted the parties a divorce and made various orders including imputing husband's yearly income at $97,000, and ordering him to pay child support ($1,293.30 per month) and spousal support ($500 per month for eighteen months). The magistrate found husband in contempt for failing to provide discovery and pay the agreed child support. The magistrate also divided the parties' property, giving husband $5,536 more in net assets, and ordered husband to pay wife partial attorney fees ($5,000).

{¶ 10} On March 21, 2023, husband filed objections, arguing pertinent to this appeal the calculation of child support, spousal support, and attorney fees on improperly imputed income, the contempt finding, and the award of attorney fees. By judgment entry filed June 14, 2023, the trial court denied the objections, finding husband was underemployed based upon his skills, experience, and past work history, and the

imputation of income was appropriate. The trial court also found husband's credibility was "clearly in question based upon his dishonest responses, changing story, admissions that the (sic) lied on credit applications, failure to file any financial or property affidavits, and failure to comply with discovery requests." The trial court made an independent analysis of the facts and applicable law and approved and adopted the magistrate's decision and ordered it entered as a matter of record. Husband filed an appeal. Thereafter, on August 2, 2023, the trial court filed a final judgment entry of divorce approving and adopting the magistrate's decision. By judgment entry filed October 23, 2023, this court found husband's appeal was premature and pursuant to App.R. 4(C), treated the notice of appeal as filed immediately following the August entry.

{¶ 11} Husband filed his appeal with the following assignments of error:

I

{¶ 12} "THE COURT COMMITTED AN ERROR WHEN IT ADOPTED MAGISTRATE'S DECISION IMPUTING $97,000 AS HUSBAND'S YEARLY INCOME WHEN IN REALITY ACTUAL INCOME OF THE HUSBAND IS AROUND $35,000."

II

{¶ 13} "THE COURT ERRED IN AWARDING ATTORNEY FEES TO THE PLAINTIFF WIFE."

III

{¶ 14} "THE COURT ERRED AS TO THE AMOUNT OF CHILD SUPPORT AND SPOUSAL SUPPORT."

IV

{¶ 15} "THE COURT ERRED IN FINDING APPELLANT GUILTY OF CONTEMPT AND FAILURE TO PROVIDE DISCOVERY."

V

{¶ 16} "THE COURT ERRED WHEN ADMITTING PLAINTIFF'S EXHIBITS AS THE MAGISTRATE NEVER EVEN INQUIRED IF DEFENDANT'S ATTORNEY HAD ANY OBJECTIONS.  THE COURT JUST ADMITTED THEM."

VI

{¶ 17} "THE COURT ERRED AS THE APPELLEE NEVER TESTIFIED AS TO THE GROUNDS FOR JURISDICTION AND THE PROPER VENUE."

VII

{¶ 18} "THE TRIAL COURT ERRED WHEN IT ORDERED CHILD SUPPORT WITHOUT ORDERING SPECIFIC PROVISION FOR PARENTING TIME IN VIOLATION OF R.C. 3119.08."

{¶ 19} All of husband's assignments of error will be reviewed under an abuse of discretion standard.  *Rock v. Cabral,* 67 Ohio St.3d 108, 616 N.E.2d 218 (1993) (imputing income); *Rand v. Rand,* 18 Ohio St.3d 356, 481 N.E.2d 609 (1985) (attorney fees); *Booth v. Booth*, 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989) (child support); *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990) (spousal support); *Johnson v. Johnson*, 88 Ohio App.3d 329, 623 N.E.2d 1294 (5th Dist.1993) (retaining jurisdiction on spousal support); *State ex rel. Celebrezze v. Gibbs,* 60 Ohio St.3d 69, 573 N.E.2d 62 (1991) (contempt);

*Steiner v. Steiner,* 5th Dist. Stark No. 2002CA00305, 2003-Ohio-1904 (admission of exhibits); *Schalk v. Schalk,* 12th Dist. Clermont No. CA2023-01-001, 2023-Ohio-4584 (parenting time order).

{¶ 20} "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

I

{¶ 21} In his first assignment of error, husband claims the trial court erred in imputing his yearly income at $97,000. We disagree.

{¶ 22} Whether a parent is "voluntarily underemployed" and the amount of "potential income" to be imputed are matters to be determined by the trial court based upon the facts and circumstances of each case. *Rock, supra,* at syllabus. "In deciding if an individual is voluntarily under employed or unemployed, the court must determine not only whether the change was voluntary, but also whether it was made with due regard to obligor's income-producing abilities and his or her duty to provide for the continuing needs

of the child." *Farrell v. Farrell*, 5th Dist. Licking No. 2008-CA-0080, 2009-Ohio-1341, ¶ 20, citing *Woloch v. Foster,* 98 Ohio App.3d 86, 649 N.E.2d 918 (1994).

{¶ 23} The trial court found husband to be underemployed "based upon his skills, experience and past work history." Judgment Entry filed June 14, 2023. R.C. 3119.01(C)(9)(b) states "income" means: "For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(17)(a) lists criteria for a trial court to consider in determining "potential income," including "[i]mputed income that the court or agency determines the parent would have earned if fully employed."

{¶ 24} The history of husband's income is set forth in detail in the magistrate's decision at 3-5, as well as his conflicting testimony regarding his income. Husband's tax returns for 2018, 2019, and 2020 support the findings. Plaintiff's Exhibits 21, 22, 23. He did not file a tax return for 2021 because his records were stolen and he could not remember who he had worked for that year. T. at 130. In an answer to an interrogatory, he listed his income as "Zero." Plaintiff's Exhibit 32, Question No. 14. In a 2019 credit application for the purchase of his truck, he listed his income at $9,800 per month; in a 2020 credit application for the purchase of an RV, he listed his income as $10,000 per month. Plaintiff's Exhibits 1 and 4. He testified he lied on the applications to get the credit approved, although he first testified he did not lie on the RV credit application. T. at 94-97.

{¶ 25} Husband explained he could not obtain any union work because he failed to pay his union dues, giving two explanations: either he did not have the money to pay or it was because he did not receive his mail in Maine informing him to pay. T. at 79, 108-

110. He is capable of operating several different kinds of machinery including an excavator, but he has not pursued excavator work because he "can't afford to drive all across town with diesel." T. at 6-9, 123-125. He has had side businesses doing tree work, dozing, stump grinding, and snow plowing. T. at 8-9, 25-26, 29-30, 32; Plaintiff's Exhibits 10, 12, 13, 16. Husband testified he was currently working at a meat processing plant making $17 an hour, or $35,360 per year. T. at 81. He stated his girlfriend pays for everything including the payments on his truck. T. at 88, 101, 108.

{¶ 26} The magistrate averaged husband's income from 2018, 2019, and 2020 which came to approximately $97,000 per year. Magistrate's Decision at 13. Husband did not file a financial statement and apparently does not have any living expenses since his girlfriend pays for everything.

{¶ 27} Based upon the exhibits and the testimony presented, we find there was competent, credible evidence presented to support the trial court's conclusion that husband was voluntarily underemployed and to support the calculation of the amount of imputed income.

{¶ 28} Upon review, we find the trial court did not abuse its discretion in imputing husband's income.

{¶ 29} Assignment of Error I is denied.

II

{¶ 30} In his second assignment of error, husband claims the trial court erred in awarding attorney fees to wife. We disagree.

{¶ 31} In awarding wife attorney fees, the magistrate considered "the parties' marital assets, incomes, any award of temporary spousal support, the conduct of the

parties and any other relevant factor" under R.C. 3105.73. Magistrate's Decision at 16. Husband's conduct is discussed in Assignment of Error IV.

{¶ 32} "While the trial court has discretion in determining the amount of attorney fees, the court must base its decision on evidence showing the reasonableness of the time spent on the matter and the hourly rate." *Bagnola v. Bagnola,* 5th Dist. Stark No. 2004CA00151, 2004-Ohio-7286, ¶ 36. "Ultimately, the trier of fact has (1) the discretion to award attorney fees or not award attorney fees and (2) the discretion to decide on evidence showing the reasonableness of the time spent on the matter and the hourly rate. A trial court may believe all, part, or none of the testimony of any witness who appears before it." *Jourdan v. Jourdan,* 5th Dist. Perry No. 22-CA-00004, 2023-Ohio-1826, 216 N.E.3d 42, ¶ 109, citing *Rogers v. Hill,* 124 Ohio App.3d 468, 706 N.E.2d 438 (4th Dist.1998). "Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.,* 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (1985).

{¶ 33} Wife testified to receiving an itemized bill from her counsel. T. at 50; Plaintiff's Exhibit 35. Husband's counsel objected, arguing "an attorney needs to testify as to the value of her services." T. at 51. The magistrate noted the objection. *Id.*

{¶ 34} Plaintiff's Exhibit 35 is a detailed itemized list of the services provided by wife's attorney; it is evident from the exhibit how much time was expended to pursue discovery and file the motions to compel, as well as the hourly fee. "Where the amount of an attorney's time and work is evident to the trier of fact, an award of attorney fees, even in the absence of specific evidence to support the amount, is not an abuse of discretion." *Dotts v. Schaefer,* 5th Dist. Tuscarawas No. 2014 AP 06 0022, 2015-Ohio-

782, ¶ 17, citing *Hawk v. Hawk,* 5th Dist. Tuscarawas No. 2002AP040024, 2002-Ohio-4384, ¶ 28.

{¶ 35} Wife incurred total attorney fees of $8,085; the trial court awarded her partial fees in the amount of $5,000. Magistrate's Decision at 19. Husband had imputed income of $97,000 and wife had income of $26,800. Husband received $5,536 more in net assets than wife. Wife was adversely affected by husband's conduct, as she incurred attorney fees, costs, and expenses in preparing motions to compel him to abide by court orders.

{¶ 36} Upon review, we find the trial court did not abuse its discretion in awarding attorney fees to wife.

{¶ 37} Assignment of Error II is denied.

III

{¶ 38} In his third assignment of error, husband claims the trial court erred as to the amount of child support and spousal support. We disagree.

{¶ 39} Husband argues the amounts of child support and spousal support are based on his imputed income which he contests. In the first assignment of error, we found the imputed income to be supported by the evidence.

{¶ 40} The trial court awarded child support in accordance with the child support computation worksheet.

{¶ 41} The trial court awarded wife spousal support in the amount of $500 per month for eighteen months on a four-year marriage, although the parties' oldest child was born four years before the marriage. The magistrate went through the R.C. 3105.18 factors in its decision at 12-16. The magistrate noted the disparity in the parties' income (husband/$97,000, wife/$26,800). The magistrate found husband left the marital

residence in August 2021 and did not support wife or the children since November 2021 except for $150. Husband's actions negatively affected wife's credit "and fees had to be taken out of her Huntington account to cover deficiencies that left the joint account in the negative." The magistrate also found wife had to take approximately $1,000 per month from her mother to pay for the marital residence and living expenses due to husband's lack of support after he left the residence. As noted above, husband did not file a financial statement and his girlfriend pays all of his living expenses. While husband testified to his financial difficulties, the magistrate found his testimony was not credible. The magistrate's findings are supported in the record. T. at 24-25, 37-38, 53, 88, 101, 108.

{¶ 42} Husband challenges the fact that the trial court did not retain jurisdiction over the spousal support award. But the award is for a definite duration of only eighteen months. We do not find any abuse of discretion in not retaining jurisdiction.

{¶ 43} Upon review, we find the trial court did not abuse its discretion as to the amount of child support and spousal support.

{¶ 44} Assignment of Error III is denied.

IV

{¶ 45} In his fourth assignment of error, husband claims the trial court erred in finding him guilty of contempt and he failed to provide discovery. We disagree.

{¶ 46} In a civil contempt proceeding, the movant bears the initial burden of demonstrating by clear and convincing evidence that the other party violated an order of the court. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980); *Accord Picciano v. Picciano,* 5th Dist. Stark No. 2021 CA 00050, 2021-Ohio-4603, ¶ 74. "Clear and convincing evidence" is that evidence "which will provide in the mind of the

trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 47} Ample testimony was provided that husband did not file a financial statement and did not produce discovery asked for by wife i.e., tax returns, credit union statements, and credit card statements, even though ordered to comply by the trial court. Judgment Entry filed September 22, 2022. Husband claimed he could not produce the requested items because they had been stolen. Yet he could have sought bank/credit card records directly from the institutions. T. at 30-31, 49-50, 86, 112-114; Plaintiff's Exhibit 32 and 34.

{¶ 48} Evidence established husband failed to comply with the parties' April 4, 2022 agreed judgment entry wherein husband agreed to pay wife $400 per month for child support. He incurred an arrearage of $3,850. T. at 24, 52.

{¶ 49} We find competent, credible clear and convincing evidence was presented to find husband in contempt.

{¶ 50} Upon review, we find the trial court did not abuse its discretion in finding husband guilty of contempt and he failed to provide discovery.

{¶ 51} Assignment of Error IV is denied.

V

{¶ 52} In his fifth assignment of error, husband claims the trial court erred in admitting wife's exhibits without inquiring if husband's attorney had any objections. We disagree.

{¶ 53} At the conclusion of the hearing, wife's counsel moved to admit her exhibits. T. at 131. The magistrate asked husband's counsel if he had any exhibits. T. at 132. He

stated the only exhibit he had was a joint exhibit and wife's counsel stated the joint exhibit was in her exhibit book. *Id.* The following exchange then occurred (*Id.*):

{¶ 54} [HUSBAND'S ATTORNEY]: I guess she has entered her exhibits?

{¶ 55} THE COURT: Um if you want to admit it [joint exhibit] I can take it. If not I can just go on hers that's ah…

{¶ 56} [HUSBAND'S ATTORNEY]: Yeah that's fine Your Honor. Save some time.

{¶ 57} THE COURT: Okay. I just wanted to know what all we had out there that you wanted admitted. Is there any Closing Statements?

{¶ 58} No further discussion was held on the exhibits.

{¶ 59} Although the better practice is to ask opposing counsel if there are any objections to the exhibits before admitting them, husband's counsel was not precluded from speaking up and objecting; he failed to do so. If there was an issue with admitting any of the exhibits, the magistrate would have no way of knowing since nothing was brought to her attention so she could address it.

{¶ 60} Upon review, we find the trial court did not abuse its discretion in admitting wife's exhibits.

{¶ 61} Assignment of Error V is denied.

VI

{¶ 62} In his sixth assignment of error, husband claims wife never testified as to the grounds for jurisdiction and the proper venue.

{¶ 63} During oral argument, husband conceded jurisdiction and venue were proper.

{¶ 64} Assignment of Error VI is denied.

VII

{¶ 65} In his seventh assignment of error, husband claims the trial court erred in ordering child support without ordering specific provisions for parenting time in violation of R.C. 3119.08.  We disagree.

{¶ 66} On the issue of parenting time, the magistrate found: "As Husband has gone for months without seeing the children, including the parties' newborn baby, Husband shall have visitation at the discretion of Wife."  Magistrate's Decision at 8.  Husband did not file an objection on this issue in his March 21, 2023 objections.

{¶ 67} Issues not raised in objections shall not be assigned on appeal except for a claim of plain error.  Civ.R. 53(D)(3)(b)(iv).  Civil plain error is defined in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  Husband did not advance any arguments claiming plain error in his appellate brief.  "Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights."  *A.A. v. F.A.,* 5th Dist. Delaware No. 18 CAF 10 0079, 2019-Ohio-1706, ¶ 22, citing *State v. Benitez-Maranon*, 9th Dist. Summit No. 26461, 2014-Ohio-3575, ¶ 7.

{¶ 68} In our review of the record on the parenting time issue, we do not find it contains any error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss, supra.*

{¶ 69} Assignment of Error VII is denied.

{¶ 70} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is hereby affirmed.

By King, J.

Hoffman, P.J. and

Baldwin, J. concur.