DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, State of Ohio, appeals the Ross County Court of Common Pleas' dismissal of a felony grand theft charge against Appellee, Hannah M. Bradley. In its appeal, the State sets forth a sole assignment of error, contending that the trial court erred in dismissing the case against Appellee on the grounds that Appellee was not brought to trial within the statutory and constitutional time limits afforded to her. Because we conclude that the trial court did, in fact, err in dismissing the charge against Appellee based upon speedy trial grounds, we sustain Appellant's sole *Page 2 
assignment of error. Accordingly, we reverse the decision of the trial court and remand this matter for further proceedings.
 FACTS {¶ 2} On February 9, 2001, Appellee was indicted by the Ross County Grand Jury on one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02. The indictment stemmed from Appellee's alleged theft of over twenty-three thousand dollars while employed at a Sears store. Although an arraignment hearing was scheduled to take place on February 12, 2001, Appellee apparently appeared at the hearing, with counsel, and requested that the hearing be continued in order that she could apply to the Ross County Prosecutor's Diversion Program. The State asserts that Appellee was accepted into the diversion program on April 12, 2001, [1] resulting in Appellee's case being placed on the inactive docket.
 {¶ 3} For a period of approximately six and one-half years, from May of 2001 until November of 2007, Appellee made restitution payments totaling nearly ten thousand dollars. Unfortunately, Appellant failed to make payments after November of 2007. As a result, she was terminated *Page 3 
from the diversion program on June 2, 2008. Again, this Court was not provided with any documents evidencing Appellee's removal or termination from the diversion program. However, Appellee, in her brief, concedes that she was terminated from the diversion program on June 2, 2008, resulting in her case being returned to the active docket.
 {¶ 4} Appellee was subsequently arraigned on July 3, 2008, thirty-one days after being terminated from the diversion program. Then, on July 8, 2008, only thirty-six days after being terminated from the diversion program, Appellee, through counsel, filed a motion to dismiss the case based upon a violation of her right to a speedy trial. After considering briefs submitted by both parties, the trial court granted Appellee's motion to dismiss, citing the following reasoning in support of its decision: "We agree with the defendant that because she was held on diversion for longer than both the statute of limitations and the allowable duration of probation, she was not brought to trial within a reasonable time; * * *"
 {¶ 5} It is from this decision that Appellant, State of Ohio, now brings its appeal, assigning a single assignment of error for our review. *Page 4 
 ASSIGNMENT OF ERROR "I. THE TRIAL COURT ERRED IN DISMISSING THE CASE AGAINST APPELLANT [SIC] ON THE GROUNDS THAT SHE WAS NOT BROUGHT TO TRIAL WITHIN THE STATUTORY AND CONSTITUTIONAL TIME LIMITS AFFORDED TO HER."
 LEGAL ANALYSIS {¶ 6} In its sole assignment of error, the State of Ohio contends that the trial court erred in dismissing the case against Appellee on the grounds that she was not brought to trial within the statutory and constitutional time limits afforded to her. Appellee counters by asserting that the trial court reached the correct decision in dismissing the case, arguing that "the extreme length in delay between when [she] was placed into the diversion program, and then subsequently arraigned, is a violation of her due process rights, despite her waiver."
 {¶ 7} We begin by considering our standard of review when determining whether a speedy trial violation took place. Under Ohio's speedy trial statutes, if the state fails to bring a defendant to trial within the time required by R.C. 2945.71 and 2945.72, the trial court must discharge the defendant upon motion made at or prior to the start of trial. R.C. 2945.73(B). The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy trial *Page 5 
statutes. State v. Singer (1977), 50 Ohio St.2d 103, 105,362 N.E.2d 1216. Thus, we must strictly construe the speedy trial statutes against the state. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57,661 N.E.2d 706.
 {¶ 8} Speedy trial issues present mixed questions of law and fact.State v. Hiatt (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. Therefore, we "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id., citing State v. Howard (Mar. 4, 1994), Scioto App. No. 93 CA 2136, 1994 WL 67688. When the defendant moves for discharge on speedy trial grounds and demonstrates that the state did not bring him to trial within the time limits set forth in the speedy trial statutes, the defendant has made a prima facie case for discharge under R.C. 2945.73(B). State v. Monroe, Scioto App. No. 05CA3042,2007-Ohio-1492, ¶ 27. The state then bears the burden of proving that actions or events chargeable to the accused under R.C. 2945.72
sufficiently extended the time it had to bring the defendant to trial. Id.
 {¶ 9} A person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest. R.C. 2945.71(C)(2). Each day the defendant spends in jail solely on the pending charge counts as three days. Id. at (E). Here, however, there is no indication in the record *Page 6 
before us that Appellee was ever actually arrested in connection with the charge of grand theft. Further, even her originally scheduled arraignment on February 12, 2001, was continued without her ever actually entering a plea. Instead, the record reflects that Appellee was indicted on February 9, 2001, and then filed a motion for a continuance, expressly waiving both her statutory and constitutional right to a speedy trial on February 14, 2001.[2] Such filing clearly acted as a tolling event, chargeable against Appellee, resulting in the tolling of speedy trial time, technically before it had even began to run, considering there is no evidence before us that Appellee was arrested or held solely on the pending grand theft charge.
 {¶ 10} In order to determine Appellee's speedy trial time limit, we must look to R.C. 2935.36, which governs the pre-trial diversion program which Appellee availed herself of in order to avoid criminal prosecution, and which provides, in pertinent part, as follows: *Page 7 
 "(B) An accused who enters a diversion program shall do all of the following:
 (1) Waive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may consider an indictment against the accused, and arraignment, unless the hearing, indictment, or arraignment has already occurred;
 (2) Agree, in writing, to the tolling while in the program of all periods of limitation
established by statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney;
 * * *
 (D) If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges. If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation."
(Emphasis added).
 {¶ 11} The State argues that Appellee's actions in applying for and being accepted into the pre-trial diversion program tolled the speedy trial time during the time that she was in the diversion program, as provided for in the statute itself. Specifically, the State argues that Appellee's speedy trial time did not begin to run until June 2, 2008, when she was terminated from the program. Appellee does not refute this calculation, but instead *Page 8 
reverts to a more general argument based upon reasonableness, relying onBarker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, where the court considered four factors in examining constitutional speedy trial issues, which include (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right to a speedy trial, and (4) the prejudice to the defendant.
 {¶ 12} While Appellee argues that the four factors set forth inBarker weighs in her favor, we disagree. Instead, we conclude that the length of delay is limited to the time when Appellee was removed from the diversion program to the time she filed her motion to dismiss, which totaled only thirty-six days.[3] The reason for the delay is attributable to Appellee as she applied for the diversion program, knowing that it would delay the proceedings. While Appellee is now asserting her right to a speedy trial, she previously waived that right, in writing, in order to avail herself of the diversion program and avoid criminal prosecution. Finally, while Appellee may now be prejudiced by the delay, she brought the delay upon herself, *Page 9 
and, arguably, the State will suffer an equal amount of prejudice in trying to take the case forward after a seven-year delay.
 {¶ 13} Appellee further relies on State v. Zucal, 82 Ohio St.3d 215,1998-Ohio-377, 694 N.E.2d 1341, in support of her argument that a seven year delay between indictment and arraignment, despite her waiver and participation in the diversion program, is unreasonable. However,Zucal involved a six-year delay between imposition of sentence and execution of sentence in connection with a misdemeanor offense. Id. at 217-218. The Zucal court borrowed from the probationary period statute to conclude that a delay exceeding five years between imposition and execution of sentence was unreasonable. Id. at 219. Such reasoning also appears to be the basis for the trial court's decision below. However, we find the reasoning of Zucal to be inapplicable to the specific facts before us. Thus, we are not persuaded by Appellee's arguments.
 {¶ 14} Further, as alluded to above, we agree with the State's argument that R.C. 2935.36 is controlling with regard to the calculation of Appellee's speedy trial time. R.C. 2935.36 specifically provides that in exchange for entering into a diversion program, a defendant is required to waive both her right to speedy trial, and also must agree to the tolling of all periods of limitation applicable to the charged offense, while in the diversion *Page 10 
program. Appellee does not dispute that she entered into such an agreement and, in fact, concedes that she did. Further, as provided in section (D) of the statute, a defendant who violates the terms of a diversion program may be brought to trial upon the charges and "the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation."
 {¶ 15} In support of its position, the State cites two cases which have ruled that in situations involving prosecution subsequent to a diversion program violation, the speedy trial clock begins to run once the defendant is terminated from the program. See, State v. Barnes, supra, (reasoning that the defendant's waiver of speedy trial time became void after her removal from the program "and the speedy trial clock began to run."); State v. Washington, Montgomery App. No. 14559,1995 WL 245084 (utilizing the date defendant was removed from the diversion program as the beginning date for purposes of calculating speedy trial time.). We conclude that the cases cited by Appellant, which are the only two cases this Court has been able to locate which deal with the specific issues before us, are persuasive authority upon which we will rely in reviewing the decision of the trial court. *Page 11 
 {¶ 16} On February 12, 2001, Appellee, in order to avail herself of the pre-trial diversion program and avoid criminal prosecution, waived her right to a speedy trial. As a result, she was accepted into the diversion program on April 12, 2001. Over the course of the next six to seven years she paid nearly ten thousand dollars in restitution towards a twenty-three thousand dollar debt. When Appellee stopped making payments, she was removed from the diversion program on June 2, 2008. In accordance with the reasoning set forth above, her speedy trial time began to run on this date. Just thirty-six days later, on July 8, 2008, Appellee moved the court to dismiss the charge against her based upon a speedy trial violation. Based upon our review of the above-cited statutory and case law, the court's dismissal of Appellee's case based upon speedy trial time was in error.
 {¶ 17} Thus, and in light of the foregoing, we sustain the State's sole assignment of error, and reverse the judgment of the Ross County Court of Common Pleas.
JUDGMENT REVERSED AND CAUSE REMANDED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] We note that none of the 2001 court filings were transmitted to us on appeal. Although we were provided with a docket sheet indicating the filings that took place in 2001, including the indictment, motion for continuance, motion and diversion agreement and notation that the case was placed on the inactive docket, we have not been provided the actual filings. Though we would normally require that these documents be formally made part of the record before us, in light of Appellee's concession that she did, in fact, enter the diversion program and in doing so, did, in fact, waive her statutory and constitutional right to a speedy trial, we believe it is unnecessary to require that the record be supplemented to include these documents.
[2] Although the originally filed motion for continuance is not part of the record transmitted by the clerk, Appellant has attached a copy of the motion in support of its appellate brief. A review of the document reveals that it bears a timestamp of February 14, 2001, and was filed in the Ross County Court of Common Pleas as part of the underlying case. Further, a review of the motion, which was signed by both Appellee and her counsel, states that she "does waive his [sic] right to speedy trial under the United States Constitution and the Constitution of the State of Ohio, as well as under all federal and state laws. Defendant further states that he [sic] waives his [sic] right to a timely and speedy trial voluntarily, and was fully advised of all of his [sic] Constitutional and statutory rights by the Court and by his [sic] attorney. Defendant asks this Court to accept his [sic] waiver of timely trial to facilitate his [sic] application to the Prosecutor's Diversion Program."
[3] In support of her argument that this factor weighs in her favor, Appellee cites State v. Barnes, Cuyahoga App. No. 90847, 2008-Ohio-5472. However, while we find that case to be persuasive with respect to some issues involved in this case, that particular case involved a delay somewhat different than that in the case at bar. Specifically, Barnes involved an eight year delay between removal from the diversion program and a return of the case to the active docket. Here, only thirty-one days elapsed between Appellee's removal from the program and her arraignment hearing. Thus, the nature of the delay in Barnes differs from the facts sub judice. *Page 1