[Cite as *State v. Preston*, 2011-Ohio-1645.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA4 |
| vs. | : | |
| RANDALL A. PRESTON, SR., | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Timothy Young, Ohio Public Defender, and E. Kelly
                          Mihocik, Assistant Ohio Public Defender, 250 East Broad
                          Street, Ste. 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:      Jonathan D. Blanton, Jackson County Prosecuting
                          Attorney, 295 Broadway Street, Ste. 100, Jackson, Ohio
                          45640

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-31-11

ABELE, J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court judgment of

conviction and sentence.   The jury found Randall A. Preston, Sr., defendant below and appellant

herein, guilty of three counts of sexual battery in violation of R.C. 2907.03.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"RANDALL PRESTON RECEIVED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL BECAUSE HIS
ATTORNEY FAILED TO TIMELY RAISE A SPEEDY-TRIAL
CHALLENGE.   HAD MR. PRESTON'S ATTORNEY TIMELY
RAISED A SPEEDY-TRIAL CHALLENGE, THE CHARGES
AGAINST MR. PRESTON WOULD HAVE BEEN
DISMISSED."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED RANDALL PRESTON'S
RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT
SUBMITTED COUNTS ONE AND TWO TO THE JURY WHEN
THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF
LAW TO ESTABLISH THOSE COUNTS."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED CRIMINAL RULE 31(A)
WHEN IT PERMITTED THE JURY TO CONSIDER
TESTIMONY OF THREE, DISTINCT, ALLEGED INCIDENTS
OF INTERCOURSE BETWEEN RANDALL PRESTON AND
S.K. IN 2007, WITHOUT PROVIDING AN AUGMENTED
JURY INSTRUCTION THAT REQUIRED THE JURY TO FIND
THAT IT UNANIMOUSLY AGREED THAT MR. PRESTON
COMMITTED ONE OF THE SPECIFIC INCIDENTS ALLEGED
TO HAVE OCCURRED IN 2007."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT
PERMITTED TESTIMONY REGARDING OTHER ALLEGED
BAD ACTS OF RANDALL PRESTON, BUT FAILED TO GIVE
THE JURY A LIMITING INSTRUCTION WHICH STATED
THAT THE JURY COULD NOT USE THE OTHER-ACTS
EVIDENCE TO CONVICT MR. PRESTON OF THE CRIMES
FOR WHICH HE WAS BEING TRIED."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED RANDALL PRESTON'S
RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT
ENTERED JUDGMENTS OF CONVICTION AGAINST MR.

PRESTON ON COUNTS ONE, TWO, AND THREE OF THE
INDICTMENT WHEN THE CONVICTIONS ARE AGAINST
THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 3} On the evening of August 23, 2007, Adam Kennedy heard his sister (S.K.) scream from a downstairs bathroom. S.K. later confided to Kennedy, her brother, that appellant walked in on her while she was in the shower but, more important, had forced her into sexual relations with him over a number of years.[1] Adam and S.K. thereafter contacted the authorities.

{¶ 4} The Jackson County Grand Jury returned an indictment that charged appellant with (1) one count of rape in violation of R.C. 2907.02; and (2) six counts of sexual battery in violation of R.C. 2907.03. Appellant pled not guilty to all charges.

{¶ 5} At trial, S.K. and Adam related their testimony to the jury. At the conclusion of the prosecution's case, however, the appellee withdrew counts one, two and three of the indictment. The defense also moved the court for a Crim.R. 29 judgment of acquittal on the remaining counts, but the trial court granted the motion only with respect to count five.

{¶ 6} The defense case largely challenged S.K.'s credibility. Justina Preston, appellant's wife, testified that her daughter lied "quite a bit" and would steal money from her. Appellant also testified and denied any sexual contact with his stepdaughter. Appellant also hinted that he and Adam Kennedy had problems. This animosity surfaced during the prosecution's case-in-chief when S.K. revealed that her brother and appellant "never got along." Indeed, at trial Kennedy referred to his mother as "Mrs. Preston."

{¶ 7} After hearing the evidence, the jury returned guilty verdicts on counts four, six

---

[1] Appellant is also S.K.'s step-father.

and seven. The trial court sentenced appellant to serve five years on each count, with the sentences to be served consecutively, for a total of fifteen years in prison. The court, however, did not dispose of the four remaining counts. On June 25, 2010, the trial court issued an entry that disposed of counts one, two, three and five of the original indictment. This appeal followed.

I

{¶ 8} In his first assignment of error, appellant asserts that he received ineffective assistance from his trial counsel. In particular, appellant argues that his trial counsel should have moved to dismiss the case for a violation of his statutory speedy trial rights.[2]

{¶ 9} A criminal defendant has a constitutional right to counsel, and this includes the right to the effective assistance from counsel. McMann v. Richardson (1970), 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009-Ohio-6179, at ¶200. Both prongs of the "Strickland test" need not be analyzed, however, if a claim can be resolved under one prong. State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. To establish the existence of prejudice element, a defendant must show that a reasonable probability exists that, but for counsel's alleged error, the result of the trial would have

---

[2] Contrary to appellant's assertion, his trial counsel did file a motion to dismiss some of the counts of the indictment for speedy trial violations. The trial court overruled that motion.

been different.   State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley

(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 10}  R.C. 2945.71 states that a person against whom a felony charge is pending shall

be brought to trial within two hundred seventy days after arrest. Id. at (C)(2).   If an accused is in

jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three

days. Id. at (E).   If an accused is not brought to trial within the statutory time limit, he must be

discharged. R.C. 2945.73(B).   However, the time limits of R.C. 2945.71 can be extended for any

of the reasons set out in R.C. 2945.72.

{¶ 11}  In the case sub judice, appellant was indicted on December 9, 2008.   He appears

to have remained free on his own recognizance thereby negating any application of the

triple-count mechanism.   Eighty-five (85) days elapsed to March 4, 2009, when appellant filed a

motion to dismiss and thereby tolled the speedy trial time.[3]   Speedy trial time started again on

May 11, 2009 when the trial court overruled appellant's motion.   Another seventy-four (74) days

elapsed before appellant filed another motion to dismiss.   On August 3, 2009, appellant

withdrew that motion, and his trial commenced on October 10, 2009, eighty-seven (87) later.

---

[3]   We acknowledge that appellant and the prosecution predicate part of their arguments on a previous case filed against appellant.   However, none of the original papers from that case (07CR194) were made a part of the appellate record in this case.   App.R. 12(A) constrains us to deciding assignments of error based on "the record on appeal."   That "record" is defined, pursuant to App.R. 9, as consisting of, inter alia, the "original papers and exhibits thereto filed in the trial court." Although a copy of the indictment from Case No. 07CR194 was attached as an exhibit to appellant's motion to dismiss, no other original papers were introduced.     It is the parties' responsibility to include the proceedings from the other case into the record of this case if they want the previous case to be considered. See, generally, In re K.W., Summit App. No. 23613, 2007-Ohio-3626, at ¶3; State v. Wisniewski (Nov. 9, 2000), Cuyahoga App. No. 77152.     In the absence of such material to aid in our review and analysis, we cannot engage in any further speedy trial computation.     If appellant desires a full review of this issue including material from the previous case, he may wish to file a motion to reopen his appeal.     See, generally, State v. Cook, Wood App. No. WD-04-029, 2006-Ohio-6062.

By our calculation, two hundred forty-six (246) days elapsed for speedy trial purposes and this is within the R.C. 2945.71(C)(2) time frame.[4]

{¶ 12} Thus, because appellant cannot establish prejudice, his claim of ineffective assistance of counsel is without merit and we hereby overrule appellant's first assignment of error.

II

{¶ 13} In his second assignment of error, appellant asserts that insufficient evidence supports his conviction on counts one and two of the indictment.[5] In particular, appellant argues that no evidence was adduced to show that a sexual battery occurred within the time frames set forth in those counts.

{¶ 14} When appellate courts review claims regarding the sufficiency of the evidence, they must look to adequacy of the evidence and whether that evidence, if believed, supports a finding of guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. In other words, after viewing all of the evidence, and each inference reasonably drawn therefrom, in a light most favorable to the prosecution, would any rational trier of fact have found all essential elements of the offense beyond a reasonable doubt? State v. Were, 118 Ohio St.3d 448, 890

---

[4]    The prosecution argues that some of this time should not be charged because it filed a motion for continuance due to the   unavailability of a witness.    However, because the speedy trial time had not expired even if it had been charged against the prosecution, we need not address that issue.

[5]  In view of the fact that the prosecution dismissed the original counts one and two, we assume that appellant actually intends to assert that insufficient evidence supports counts four and five from the original indictment.

N.E.2d 263, 2008-Ohio- 2762, at ¶ 132; State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, at ¶34.

{¶ 15} Sexual battery occurs when someone engages in sexual conduct with a stepchild. See R.C. 2907.03(A)(5).[6]  Although S.K. testified to a number of instances of sexual conduct with appellant, we recognize that her testimony was somewhat imprecise as to the exact time and place when the offenses occurred.   Nevertheless, we believe the evidence was sufficient to send those counts to the jury.

{¶ 16} Count five alleges that one instance occurred in 2003 or 2004, in a bedroom at the residence, and the prosecution's Bill of Particulars alleged that S.K. was fourteen years old at the time the offense occurred.   S.K. testified that one incident occurred when she was a middle school student and appellant signed her out of school, ostensibly for a dental appointment, took her home and "raped" her in his and her mother's bedroom.   S.K. also testified at trial that she was a senior in high school and nearly eighteen years old.   Counting back, the incident she described from middle school falls within the Count five time frame and, thus, sufficient evidence existed to send this count to the jury.

{¶ 17} The battery alleged in count four allegedly occurred in "2005 and/or 2006" and, according to the prosecution's Bill of Particulars, took place in an outbuilding on the residence premises.   At trial, S.K. testified that her step-father had sex with her in an outbuilding "several times."   Admittedly, the victim's testimony is less than specific on direct examination as to the timing of these incidents, describing them as happening before August 2007.   However, as the

---

[6] Although the indictment did not specify the exact subdivision of the offense, the inclusion of the word "stepparent" leads one to assume that it is R.C. 2907.03(A)(5).

prosecution points out, S.K. testified that she gave a statement to an interviewer that described "sexual intercourse in the outbuilding when [she was] fourteen years old." This is sufficient to send count four to the jury.

{¶ 18} We recognize that, "[o]rdinarily, precise times and dates are not essential elements of offenses." State v. Sellards (1985), 17 Ohio St.3d 169, 171, 478 N.E.2d 781. Moreover, considerable latitude must be given in cases that involve child sexual abuse when victims may be unable to remember precise times, or when the abuse occurred over a number of years. See State v. Scott, Cuyahoga App. No. 91890, 2010-Ohio-3057, at ¶30; State v. Robinette (Feb. 27, 1987), Morrow App. No. CA-652; also see, generally, State v. Barnes, 149 Ohio Misc.2d 1, 896 N.E.2d 1033, 2008-Ohio-5609, at ¶¶28-31. We note that the testimony adduced at trial in the case sub judice is sufficient to establish the general time frame of the offenses.

{¶ 19} Accordingly, we conclude that sufficient evidence exists to send them to the jury and we overrule appellant's second assignment of error.

### III

{¶ 20} Appellant's third assignment of error also involves the lack of specificity in S.K.'s testimony. Appellant points to three distinct occasions when he was alleged to have had "intercourse" with the victim, but further points out that he was charged with having committed only one offense during this time frame in 2007. Thus, appellant argues, the trial court should have given an "augmented" instruction to the effect that the jury had to unanimously agree that he committed the same offense that year.

{¶ 21} As the prosecution correctly notes in its brief, however, nothing in the record indicates that defense counsel requested such an instruction. Defendants cannot assign as error

on appeal the failure to give a jury instruction, unless the defendant objected to its absence before the jury retired to deliberate.   See Crim.R. 30(A).   In the absence of a request for a particular jury instruction, or an objection to its absence, we may sustain appellant's assignment of error only if the trial court's failure to sua sponte give such an instruction amounted to plain error. See Crim.R. 52(B).

{¶ 22}  It is well-settled that notice of Crim.R. 52(B) plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.   See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.   More important, to find plain error we must be able to say that, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus; State v. McCausland, 124 Ohio St.3d 8, 918 N.E.2d 507, 2009-Ohio-5933, at ¶15; State v. Braden, 98 Ohio St.3d 354, 785 N.E.2d 439, 2003-Ohio-1325, at ¶50; State v. Sanders (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90.

{¶ 23}  In the case sub judice, we find no indication in the record that the jury did not unanimously agree on the same incident of sexual battery in 2007.   To reach a contrary conclusion, would require speculation, and appellate courts cannot find plain error on that basis. See, generally, Columbus v. Bonner (Dec. 2, 1982), Franklin App. No. No. 82AP-441.   In State v. Akwal (1996),76 Ohio St.3d 324, 333-334, 667 N.E.2d 960, the Ohio Supreme Court held that a conviction can be reversed on grounds of a court's failure to give a particular instruction only if, but for the error the defendant would have been acquitted.    We do not reach that conclusion here.

{¶ 24}  Consequently, we hereby overrule appellant's third assignment of error.

IV

**{¶ 25}** In his fourth assignment of error, appellant asserts that after the prosecution withdrew counts one, two and three, and after the trial court granted Crim.R. 29(A) judgment of acquittal on count five, all of the evidence that was introduced at trial on these charges became evidence of "other bad acts" and the trial court should have given a limiting instruction to the jury that they must not consider any of that evidence during their deliberations.   Appellant thus concludes that the trial court's failure to give such an instruction constitutes plain error.

**{¶ 26}** First, as we noted earlier, appellate courts may not reverse a conviction for the failure to give a jury instruction unless the defendant would have been acquitted had the instruction been given.   In the instant case, we cannot reach that conclusion.   Our disposition of appellant's second assignment of error determined that sufficient evidence exists to support the guilty verdicts for (renumbered) counts one and two.   Therefore, we are not persuaded that this particular instruction would have changed the outcome of the trial.

**{¶ 27}** Second, with respect to appellant's argument that the admissibility of "other acts" evidence, or the propriety of the prosecution soliciting testimony on "non-indicted similar incidents," we note that this evidence was adduced prior to the dismissal or the withdrawal of the other four counts.   This evidence was not introduced to prejudice a jury, but rather to prove the four other counts that were at issue at the time.

**{¶ 28}** Third, as the prosecution aptly notes, good reason may exist why counsel did not request a limiting instruction and why the trial court may not have wanted to sua sponte give an instruction.   Any reminder to the jury about the other alleged acts of rape and sexual battery, beyond those that they were about to consider, may have reinforced those other incidents and

arguably prejudiced them against appellant.   Thus, we cannot conclude that the absence of a

limiting instruction amounted to plain error.

{¶ 29}  Accordingly, we hereby overrule appellant's fourth assignment.

V

{¶ 30}  In his final assignment of error, appellant asserts that his convictions are against

the manifest weight of the evidence.   With respect to a manifest weight of the evidence claim,

appellate courts may not reverse a conviction unless it is obvious that the trier of fact lost its way

and created such a manifest miscarriage of justice that the conviction must be reversed and a new

trial ordered.   See State v. Earle (1997), 120 Ohio App.3d 457, 473, 698 N.E.2d 440; State v.

Garrow (1995), 103 Ohio App.3d 368, 370-371, 659 N.E.2d 814.   When an appellate court

considers a claim that a conviction is against the manifest weight of the evidence, the court must

dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses.

The reviewing court must bear in mind, however, that credibility generally is an issue for the

trier of fact to resolve.   See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212,

paragraph one of the syllabus.   Once the reviewing court finishes its examination, the court may

reverse the judgment of conviction only if it appears that the fact-finder, when resolving the

conflicts in evidence, "clearly lost its way and created such a manifest miscarriage of justice that

the conviction must be reversed and a new trial ordered."   Thompkins, 78 Ohio St.3d at 387,

quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶ 31}  Appellant argues that the prosecution did not introduce evidence to prove

(renumbered) counts one and two and, thus, those convictions are against the manifest of the

evidence.   We believe, however, that the prosecution presented substantial evidence upon which

the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established.   See State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.   The victim's testimony, if accepted by the trier of fact as was obviously the case, provides competent, credible evidence to support the verdict.[7]

{¶ 32} With respect to appellant (renumbered) count three, appellant argues that S.K. was not credible and even "her own mother testified that S.K. was a liar and untrustworthy."   We fully acknowledge that at trial defense mounted a spirited challenge to S.K.'s credibility and, to limited extent, her brother's credibility.   In the end, however, the jury obviously believed S.K.'s testimony.   Generally, issues of weight and credibility must be determined by the jury as trier of fact.   See State v. Dye (1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763; State v. Williams (1995), 73 Ohio St.3d 153, 165, 652 N.E.2d 721.   The rationale for this is obvious: the jury is in the best position to view witnesses, to observe their demeanor, gestures and voice inflections and to use those observations to weigh witness credibility.   See Myers v. Garson (1993), 66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.   Consequently, a trier of fact may choose to believe all, part or none of the testimony of any witness who appears before it. Rogers v. Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v. B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591.

{¶ 33} In the case sub judice, the jury opted to believe S.K., and opted to discount her mother's denunciation of being a "liar."   This is within the jury's purview as trier of fact, and we

---

[7] Sufficiency of evidence and manifest weight of evidence are separate and distinct issues. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541.

will not disturb that determination.   Again, the jury, sitting as the trier of fact, must consider and

resolve conflicts in the evidence.   While we understand appellant's displeasure with this concept,

we, as an appellate court, may not simply substitute our judgment for the trier of fact on issues

related to witness credibility.   Thus, we conclude that competent, credible evidence was adduced

at trial to establish the elements of the offenses.

{¶ 34} Accordingly, we hereby overrule appellant's fifth assignment of error and hereby

affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs
herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County
Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is
continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is
to allow appellant to file with the Ohio Supreme Court an application for a stay during the
pendency of the proceedings in that court.   The stay as herein continued will terminate at the
expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio
Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of
the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to
the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the
Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge


## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.