[Cite as *State v. Preston*, 2013-Ohio-5679.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :     Case No.   10CA4

    vs.                                 :

RANDALL A. PRESTON, SR.,                :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Timothy Young, Ohio Public Defender, and Eric M.
                            Hedrick, Ohio Assistant Public Defender, 250 East Broad
                            Street, Ste. 1400, Columbus, Ohio 43215[1]

COUNSEL FOR APPELLEE:       Justin Lovett, Jackson County Prosecuting Attorney, 295
                            Broadway Street, Ste. 100, Jackson, Ohio 45640

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-17-13
ABELE, J.

{¶ 1}   This matter comes before us on a reopened appeal.   A jury   found Randall A.

Preston, Sr., defendant below and appellant herein, guilty of three counts of sexual battery in

violation of R.C. 2907.03.   We affirmed that conviction.   See *State v. Preston*, 4th Dist. Jackson

No. 10CA4, 2011-Ohio-1645 (*Preston I*).

{¶ 2}   Subsequently, we denied an App.R. 26(A) Application for Reconsideration but,

---

[1] Different counsel represented appellant at various stages of these proceedings.

on August 2, 2012, granted appellant's application to reopen appeal for the sole purpose of considering whether appellate counsel was constitutionally ineffective for failing to challenge trial counsel's failure to file a motion to dismiss on speedy trial grounds. The matter is properly before us and appellant assigns the following error for review:

> "RANDALL PRESTON RECEIVED CONSTITUTIONALLY-INEFFECTIVE-ASSISTANCE-OF-TRIAL-COUNSEL. TRIAL COUNSEL FAILED TO TIMELY RAISE A SPEEDY-TRIAL CHALLENGE. EXCLUSIVE OF TOLLING EVENTS NECESSITATED BY MR. PRESTON, MORE THAN 270 [DAYS] ELAPSED BEFORE MR. PRESTON WAS BROUGHT TO TRIAL FOR THE COUNTS CONTAINED IN THE 2008 SUCCESSIVE INDICTMENT. HAD MR. PRESTON'S TRIAL ATTORNEY TIMELY RAISED A SPEEDY-TRIAL CHALLENGE, THE CHARGES AGAINST MR. PRESTON WOULD HAVE BEEN DISMISSED. BECAUSE TRIAL COUNSEL DID NOT PROVIDE EFFECTIVE-ASSISTANCE-OF-COUNSEL, MR. PRESTON SUFFERED ACTUAL PREJUDICE."

{¶ 3} During the evening of August 23, 2007, appellant walked into his home and strolled past his stepson, Adam Kennedy. Thereafter, Kennedy heard his sister (S.K.) scream from a downstairs bathroom. S.K. later exited the bathroom and confided to her brother that appellant walked in on her while she showered, but more importantly, had forced her into sexual relations with him over a number of years.[2] Adam and S.K. thereafter contacted the authorities.

{¶ 4} On October 22, 2007, the Jackson County Grand Jury returned an indictment in Case No. 07CR194 that charged appellant with various offenses. The record in that case indicates that appellant was released on his own recognizance and placed under house arrest.

---

[2] Appellant is S.K.'s stepfather.

On November 21, 2008, Case No. 07CR194 was dismissed, without prejudice.[3]

{¶ 5}   On December 9, 2008, the Jackson County Grand Jury returned a second indictment that charged appellant with substantially the same offenses.   He pled not guilty to all charges, and again, remained out of jail.   On March 4, 2009, appellant filed a motion to dismiss five of the charges and argued that when time elapsed from Case No. 07CR194 is tacked onto the time elapsed in the instant case, the R.C. 2945.71 statutory speedy trial time had elapsed.   The State filed a memorandum contra that included a detailed time line for the Case No. 07CR194 proceedings.   On May 11, 2009, the trial court accepted the State's calculations and noted that appellant had to be brought to trial within "118 days from the date of this entry."

{¶ 6}   On July 13, 2009, appellant orally moved to dismiss the case.   He, however, withdrew that motion on August 3, 2009.   The case then came on for jury trial on October 29, 2009.   At the conclusion of the State's case, the prosecution announced that it would withdraw counts one, two and three of the indictment.   The defense then requested a Crim.R. 29 motion for judgment of acquittal on the remaining counts, and the trial court granted the motion as to count five.

{¶ 7}   The defense then put on its case that, in essence, largely challenged S.K.'s credibility.   At the conclusion of the trial, the jury returned guilty verdicts on counts four, six and seven.   The trial court ordered appellant to serve five years on each count, with the sentences to be served consecutively for a total of fifteen years.   The matter is now properly

---

[3]   As we noted in *Preston I*, the original papers from Case No. O7CR194 were not included in the record of this case. See 2011-Ohio-1645, at ¶11, fn. 3. On August 28, 2012, we granted appellant's motion to supplement the record in this case with the original papers from the prior case.   Consequently, we may now properly consider those proceedings to determine appellant's speedy trial arguments.

before us on a reopened appeal.

**{¶ 8}**   Our analysis of appellant's assignment of error begins with the proposition that a person against whom a felony charge is pending must be brought to trial within two hundred and seventy days. R.C. 2945.71(C)(2).   If an accused is not tried within the statutory time limit, he must be discharged.   R.C. 2945.73(B). However, the R.C. 2945.71 time limits may be extended for the reasons in R.C. 2945.72.

**{¶ 9}**   In *Preston I,* we determined that in this case 246 days elapsed for speedy trial purposes.   2011-Ohio-1645, at ¶11.   Thus, the task before us here is to determine if more than 24 days elapsed for speedy trial purposes while Case No. 07CR194 was pending.   If 25 or more days elapsed, then the R.C. 2945.71 270 day time limit expired and we must vacate appellant's conviction.

**{¶ 10}**  The docket in Case No. 07CR194 reveals that appellant was arrested in the prior case on October 23, 2007.   This event started the speedy trial clock.   On November 14, 2007, appellant filed a discovery request that the Ohio Supreme Court has deemed a "tolling event" under R.C. 2945.72(E).   See *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, at ¶¶21-23.   At this point, 22 days had elapsed.   For the following reasons, however, we do not believe that the speedy trial clock re-started in the first case.

**{¶ 11}** Our review of the record reveals that on January 7, 2008, appellant himself requested a continuance of his trial scheduled later that month.   Second, apparently an ongoing dispute existed over what evidence was discoverable.   Appellant filed a motion to compel discovery on January 23, 2008, and, before that issue could be resolved, appellant filed another motion for a trial continuance.   Finally, and most important, on March 25, 2008 appellant filed a

waiver of his speedy trial rights.   We believe that this waiver, coupled with the failure to resolve the discovery dispute and appellant's two continuance requests, results in the conclusion that the speedy trial time clock remained stopped through dismissal of the case on November 21, 2008. Adding the 22 days that we calculate that have elapsed in Case No. 07CR0194 to the 246 days we found to have elapsed in this case, we conclude that a total of 268 days elapsed in both cases. This is two days less than the R.C. 2945.71 statutory time frame.   Thus, no violation of appellant's statutory speedy trial rights occurred.

{¶ 12} Appellant raises several arguments that challenge the use of his waiver in the speedy trial calculations.   First, he contends that he did not sign the waiver himself, and nothing in it indicates that he truly intended to waive his rights.   The Ohio Supreme Court, however, held that the R.C. 2945.71 provisions can be waived by "an accused, or his counsel."   (Emphasis added.) *State v. O'Brien*, 34 Ohio St.3d 7, 9, 516 N.E.2d 218 (1987).   In Case No. 07CR0194 trial counsel properly executed the speedy trial waiver and this is sufficient to make it valid and operative.   Appellant's signature is not necessary to accomplish that result.

{¶ 13} Appellant's next asserts that the State did not take into account his Case No. 07CR0194 waiver in calculating time for purposes of its March 30, 2009 memorandum opposing the motion to dismiss for speedy trial violations.   In its May 11, 2009 decision that denied that motion as premature, the trial court found "the time line outlined by the State of Ohio in its memorandum [to be] correct."   Appellant suggests that we are bound by that finding and, thus, cannot now consider the waiver.   We disagree.

{¶ 14} Before we address appellant's argument, we parenthetically note that this is precisely the reason that we refused to consider the prior proceedings from Case No. 07CR0194

when we ruled on *Preston I*.   The State erred in its calculation of time that elapsed in Case No.

07CR0194 and neither the trial court nor this Court had the benefit of those proceedings when

passing on the speedy trial issue.   Appellant also argued, in an Application for Reconsideration,

that we should accept references to that prior case made in the pleadings of this case.   Had we

done so, rather than deny his Application on July 5, 2011, we would have allowed an erroneous

calculation of time to stand.   This amply illustrates the importance of having access to the

original papers of a prior proceeding if one intends to rely on those prior proceedings to make an

argument.

{¶ 15} As to the merits of the argument that we cannot consider the former speedy trial

waiver when the trial court did not do so, we remind appellant that we are not reviewing the trial

court's May 11, 2009, decision.[4]   The question before us now is if appellant's trial counsel was

constitutionally ineffective for failing to file a later motion to dismiss, and whether appellate

counsel was ineffective for failing to argue that issue on appeal.   We, however, are not bound by

the State's argument in its opposing memorandum, nor the trial court's May 11, 2009 decision to

accept the State's time calculations.

{¶ 16} It is well-settled that a criminal defendant has a right to counsel that includes the

right to the effective assistance from counsel. *McMann v. Richardson*, 397 U.S. 759, 770, 90

S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Lytle*, 4th Dist. Ross No. 96CA2182, 1997 WL

---

[4] This Court has noted that speedy trial issues involve mixed questions of law and fact. We review the legal issues de novo, but defer to a trial court's findings of fact if supported by competent, credible evidence. See e.g. *State v. Smith*, 4th Dist. Ross No. 10CA3148, 2011-Ohio-602, at ¶18; *State v. Watson*, 4th Dist. Ross No. 08CA3072, 2009-Ohio-4852, at ¶6; *State v. Bradley*, Ross App. No. 08CA3055, 2009-Ohio-1620, at ¶8.    As mentioned above, we are not reviewing a trial court's decision here.    Rather, we are determining whether trial and appellate counsel were ineffective for making a later motion to dismiss on speedy trial grounds and failing to effectively argue that point in *Preston I.*

118069 (Mar. 10, 1997). To establish ineffective assistance of counsel, a defendant must show (1) his counsel's deficient performance and (2) that such deficient performance prejudiced the defense and deprived him of a fair trial.   See e.g. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); also see State v. Perez, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, at ¶200.   However, both prongs of this "*Strickland* test" need not be analyzed if a claim can be resolved under one. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

{¶ 17}  Thus, if a defendant cannot demonstrate prejudice by the failure of counsel to take a particular action, we need not determine if counsel was actually deficient by not that taking action.   To establish prejudice, a defendant must demonstrate a reasonable probability exists that, but for counsel's alleged error, the outcome of the case would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), at paragraph three of the syllabus.

{¶ 18}  Once all of the original papers from Case No. 07CR0194 are included in the record of this case, it is clear that 268 days of the 270 day time limit elapsed before appellant's trial.   Thus, even if trial counsel requested a second time a dismissal on speedy trial grounds, it is clear appellant suffered no prejudice as his trial was held within R.C. 2945.71 parameters.

{¶ 19}  Therefore, for the same reason appellant suffered no prejudice from appellate counsel by not including the original papers from Case No. 07CR0194 in the record of this case. Even if the papers from Case No. 07CR0194 had been included in the record, with those in this case, the record shows that appellant's trial was held within the requisite statutory time frame.

{¶ 20}  Therefore, for all of these reasons, we hereby overrule appellant's assignment of

error and, once again, affirm the trial court's judgment.

JUDGMENT AFFIRMED[5].

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

---

[5] We acknowledge that appellant makes reference in his brief to constitutional speedy trial rights that are slightly different than statutory speedy trial rights. *State v. Cottrill*, 4th Dist. Ross No. 11CA3270, 2012- Ohio-1525 at ¶5. However, because appellant confines his argument to statutory speedy challenges, we do the same. See *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 & 11CA3242, 2012-Ohio-4583, at ¶8, fn. 1. It should be noted, however, that we would have reached the same conclusion even under a separate constitutional speedy trial challenge.

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.